UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHUN CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIRD, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00306-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff Rayshun Cunningham is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint filed March 26, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On or about June 9, 2021, Plaintiff was temporarily unassigned from his work at Valley State Prison optic department because an internal investigation was being conducted into suspected criminal activity. At the conclusion of the investigation, Plaintiff was cleared of any wrongdoing, but he was fired from his job which reflects negatively upon his review by the Board of Parole Panel.

///
///
///

## III.

## DISCUSSION

### A. Loss of Prison Job

Plaintiff fails to state a cognizable claim under either the Fourteenth Amendment or Eighth Amendment. For the reasons explained below there is no constitutional right to a prison job, or its benefits, including pay.

"[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]' " Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and citing Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir.1985)). "[A]n inmate has no constitutional right to any particular job status while incarcerated." Chapman v. Plageman, 417 F.Supp. 906, 907 (9th Cir. 1976). Indeed, prisoners have no constitutional right to hold a paid position in prison. Harris v. Sivley, 951 F.2d 360 (9th Cir. 1991) ("Prisoners have no constitutional right to a prison job."); Bravot v. Cal. Dep't of Corr., No. CIVS050113-FCD-GGH-P, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position, which reinstatement he has nevertheless apparently attained at this point."); see also Rainer v. Chapman, 513 Fed.Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest"); Barno v. Ryan, 399 F. App'x. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights); Gray v. Hernandez, 651 F. Supp. 2d 1167, 1177 (S.D. Cal. 2009) (stating that "[w]hile state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections, the instances in which due process can be invoked are significantly limited," and holding that a California state prisoner had not shown "a right to prison employment" protected under the Due Process Clause);

Hunter v. Heath, 95 F. Supp. 2d 1140, 1147 (D. Or. 2000) ("It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment."), rev'd on other grounds, 26 Fed.Appx. 764, 755 (9th Cir. 2002).

Under the Eighth Amendment, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test. Id. The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Id. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A prison job, however, is not a basic human need and the loss thereof does not give rise to an Eighth Amendment violation. See Barno v. Ryan, 399 F. App'x 272, 273 (9th Cir. 2010) (unpublished opinion) (potential loss of prison job caused by erroneous sex offender classification does not give rise to Eighth Amendment claim); Cox v. Pacholke, No. C12-5421 BHS/KLS, 2012 WL 5877513, at *4, 2012 U.S. Dist. LEXIS 165914 (W.D. Wash. Oct. 9, 2012) (finding that "[t]here is no constitutional right to receive and retain a particular prison job assignment" so termination from employment does not violate the Eighth Amendment); Pack v. Lizarraga, No. 2:19-cv-0300-TLN-EFB P, 2020 WL 1304478, at *2 (E.D. Cal. Mar. 19, 2020) (the loss of plaintiff's prison job does not violate any federal constitutional right).

If an inmate has no constitutionally protected interest in maintaining a particular job assignment, then, *a fortiori*, he has no constitutionally protected interest in any benefit that may stem from maintaining a particular job assignment. Courts which have considered this issue agree; there is not a constitutionally protected right in prison pay. Perry v. W. Va. Corr. Indus., No. 5:15CV139, 2018 WL 6579169, at *5 (N.D.W. Va. Dec. 13, 2018) (denial of prison pay or any benefit that stems

4

from the prison job does not violate the constitution), aff'd sub nom., Perry v. Whitehead, 771 F. App'x 241 (4th Cir. 2019); Barlow v. Lopes, No. 85-CV-0529, 1985 WL 8795, at *1 (D. Conn. 1985) (the constitution has withstood attacks by prisoners for low pay or no pay) (citing cases); Edwards v. New York State Dep't of Corr. & Cmty. Supervision, No. 919CV0254MADATB, 2019 WL 1978803, at *7 (N.D.N.Y. May 3, 2019) (plaintiff's due process claim arising from allegations that he is paid unfair wages is dismissed for failure to state a claim upon which relief may be granted.) "Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." Carter v. Tucker, 69 F. App'x. 678, 680 (6th Cir. 2003); Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1968) (prisoner has no constitutional right to be paid for his prison labor and such compensation is by grace of the state). No constitutional right would be violated even if Plaintiff only received half of his expected pay resulting from half being deducted to pay his debt to the institution. See Singleton v. Page, No. 96-2637, 202 F.3d 274, 1999 WL 1054594, at *1 (7th Cir. Nov. 17, 1999) (finding that since there was no legal basis for the prisoner's asserted property interest in withheld state pay, his due process arguments failed); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (finding that the requirement that inmates assign one-half of their savings from prior prison work in order to continue in their Federal Prison Industries job assignments did not violate their due process rights); Martin v. Gregory, No. 1:16-CV-P29-GNS, 2016 WL 3964462, at *4 (W.D. Ky. July 20, 2016) (no right to object to fees taken from prison pay). Plaintiff has no constitutional right to educational, vocational or rehabilitative programs. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of job and educational opportunities did not amount to an Eighth Amendment violation).

Plaintiff does not complain that he is being denied basic necessities or minimal civilized measure of life's necessities while incarcerated.  Rather, he complains of post-incarcerated impacts from the lack of wages he receives while incarcerated and his desire to be released on parole.  Plaintiff complains he has lost his source of income to pay off his restitution and to purchase necessary supplies. However, the Constitution does not provide the protection he seeks.  Neither Due Process in the Fourteenth Amendment nor the Eighth Amendment protect wages for a prisoner's prison job.

///

### B. Request for Injunctive Relief

In addition to monetary damages, Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986), quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking, payment of minimum wage, goes beyond what would be allowed under the PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action and is too intrusive. Further, an injunction cannot be based on speculative injury. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### C. State Law Claims

Plaintiff states that he is also seeking to present state law claims and it appears he may be attempting to allege negligence.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

### D.    Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.  Here, Plaintiff's allegations fail to state a federal claim for relief and amendment would be futile. Accordingly, Plaintiff's complaint should be dismissed without leave to amend.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 2, 2022**

UNITED STATES MAGISTRATE JUDGE